UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Brian Mallgren
petitioner

UNITED STATES
NEW YORK STATE
respondent

COMPLAINT

PARTIES

Anthony Brian Mallgren
2369 Aurie Drive
Decatur, GA 30034

INFORMATION

This will be written in opinion form. While it is acknowledged that in normal circumstances, that a judge should be allowed contemplation, it does not seem like that may be properly allowed here.

The United States, having equalized the states through federal reimbursement for life essentiality, seemingly found this not to be sustainable, as consumer states seemingly began consuming more than what productive states could reasonably provide. Rather, it was requested of the states to balance their production and consumption. Rather than acknowledging this, it seemed New York State opted to say they will not reconcile the transgression of their residents, nor the transgression of those where their residents may become a subject. This has resulted in a deficit at the state government level, which is currently being exacerbated by private industry, with attempted sponsorship and allowance of a state by means of trying circumventing congressional power to regulate interstate trade. In principle, there should only need to be a federal implement, yet the states are seemingly outside of the their constitutional rights, which the federal government seemingly may be interfering with slightly by encouraging, though not requiring, state registration, based upon the principle that they do acknowledge it may be beneficial for the federal government if those in ascent to a deficit state creates a deficit federally, and wishes to offset such a deficit, as it seems such may be unsustainable.

Now, in a seemingly attempt to cut costs, it seems that the state is attempting to remove enforcing life essentials for any vulnerable people. While this may have some merit for irreversibly parasitic entities, it seems that New York is attempting to apply this to

productive entities in an attempt to stifle what contributions are being made by those entities to the state. The state has therefore seemingly become parasitic itself, in not only producing a deficit, but producing a pure deficit, with no allowance for the reciprocation of value, seemingly starving themselves of life essential.

It is therefore being asked that what may present as the federal government begin denying interstate claims for deficit states, whether they present one way or another. It seems a simple query to determine what states may be purely deficit based, and which states may be productive.

The evidentiary follow:

1. Petitioner traveled to another state.
2. Petitioner was subjected to crime,
    a. Seemingly by means of mental health,
    b. State facilitated incorporation,
    c. To provoke pure deficit-based behavior,
    d. Specifically in the form of a person selling their food assistance allowance,
        i. In an effort to obtain drugs,
            1. and alcohol,
        ii. Which the actual state chose not to prosecute,
            1. Being that the benefits were taken from a pure deficit state,
            2. And were taken by a pure deficit state,
            3. Even though the individual taken from was a productive individual.
    e. When attempting to have the deficit based state which granted benefit to petitioner, the state refused reconciliation,
        i. Seemingly by means of lateral state incorporation,
        ii. In trying to circumvent federal involvement.
3. When the petitioner queries as to if a positive incentive was viable,
    a. By means of trying to increase the skill of a resident of a pure deficit state,
    b. It seemed that a temporarily fraudulent presentation,
    c. Was quickly followed by similar behavior, in an effort to maximize what could be extracted from the situation.
4. Exhibit attached. Individual mentioned is listed in the exhibit as Jah R, reportedly associated with Chicago.

The primary concern here is, and request of the states by means of federal constitution:

5. Immediately cease state incorporation for deficit states.

6. Cease all federal processing of interstate transactions, including administration, and commerce, with deficit states.
7. An inner-state asset relocation away from deficit individuals to productive individual.
8. Any further proper relief.

Anthony Brian Mallgren
August 25th, 2026